SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 400
New York, NY 10281-1022
(212) 336-0523 (Birnbaum)
(212) 336-1319 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                            Plaintiff, :
                                       :
    -against-                          :
                                       :      08 Civ. 01719 (HB)
CLEAN CARE TECHNOLOGIES, INC.,         :      ECF CASE
EDWARD KLEIN, AL NAZON and             :
ANIL VARUGHESE,                        :
                                       :
                           Defendants, :
                                       :
            and                        :
                                       :
CLEAN CARE SYSTEMS, LLC,               :
                                       :
                   Relief Defendant.   :
------------------------------------------------------------------x

NOTICE TO PRO SE LITIGANT
**OPPOSING MOTION FOR SUMMARY JUDGMENT**

Plaintiff in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the Plaintiff has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. JUDGMENT ON THE CLAIMS PLAINTIFF ASSERTS IN ITS COMPLAINT MAY ENTERED AGAINST YOU WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits and other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon your Answer to Plaintiff's Complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by Plaintiff and raising material issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to Plaintiff's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted by the Plaintiff, the court may accept Plaintiff's factual assertions as true. Judgment may then be entered in Plaintiff's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated: New York, NY
      June 16, 2008

Respectfully submitted,

By: /s/ Michael D. Birnbaum

Michael D. Birnbaum
ATTORNEY FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center
New York, New York 10281
(212) 336-0175

**Rule 56. Summary Judgment**

(a) BY A CLAIMING PARTY. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

> (1) 20 days have passed from commencement of the action; or
>
> (2) the opposing party serves a motion for summary judgment.

(b) BY A DEFENDING PARTY. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c) SERVING THE MOTION; PROCEEDINGS. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(d) CASE NOT FULLY ADJUDICATED ON THE MOTION.

> (1) Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts — including items of damages or other relief — are not genuinely at issue. The facts so specified must be treated as established in the action.
>
> (2) Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

(e) AFFIDAVITS; FURTHER TESTIMONY.

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered

against that party.

(f) WHEN AFFIDAVITS ARE UNAVAILABLE. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   (1) deny the motion;

   (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

   (3) issue any other just order.

(g) AFFIDAVIT SUBMITTED IN BAD FAITH. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt. (As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

[Adopted March 25, 2004]